# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLES L. JONES, | |
| *Plaintiff*, | Civil Action No. 24-1223 (SLS) |
| v. | Judge Sparkle L. Sooknanan |
| FOOD AND DRUG ADMINISTRATION, | |
| *Defendant*. | |

## <u>MEMORANDUM OPINION</u>

Charles L. Jones, a security guard assigned to the Food and Drug Administration's (FDA) office in Rockville, Maryland, alleges that his car was damaged when he drove over a malfunctioning "security wedge" in the parking garage. Mr. Jones brought this suit alleging that the FDA was negligent in maintaining the garage and thus responsible for the damage caused to his vehicle. The FDA now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). For the reasons below, the Court concludes that venue in this District is improper and thus transfers this case to the United States District Court for the District of Maryland.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Jones is a resident of Maryland. Compl. at 1, ECF No. 1. In May 2023, he was employed by a third-party contractor as a security guard at the FDA's office in Rockville, Maryland. Compl. Ex. 1 at 27, ECF No. 1-1. On May 9, 2023, Mr. Jones drove over a "security wedge" as he was exiting the parking lot and heard a noise followed by a dragging sound. Compl.

at 4; Compl. Ex. 1 at 28. When Mr. Jones got out of his car, he discovered that his "under carriage was ripped and hanging" and that pieces of it were "wedged in the barrier and hanging underneath the driver[] side door." Compl. Ex. 1 at 28. He also noticed that the "security wedge" he had hit was "propped up due to rus[t] and misc[ellaneous] elements." Compl. at 4.

Shortly after the accident, Mr. Jones submitted a claim to the FDA. Compl. at 5. He then spent roughly nine months corresponding with the FDA about his claim and providing additional documentation and repair cost estimates. *Id.* Eventually, Mr. Jones became unsatisfied with the FDA's failure to resolve his claim and so he filed this lawsuit pro se on April 25, 2024. Compl. at 1, 4. He seeks $76,928.64 in damages for "repair costs, car payment, car insurance, lost wages, rent differential, and utility differential" for the months of May 2023 to April 2024 during which his car was inoperable. *Id.* at 4.

On March 3, 2025, the FDA moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Mot. Dismiss, ECF No. 10. The motion is fully briefed and ripe for review. *See* Opp'n, ECF No. 12; Reply, ECF No. 17.

## LEGAL STANDARD

Under Rule 12(b)(3), a court may dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "[T]he plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quotation marks omitted). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). For a pro se plaintiff, the court holds the factual allegations contained in the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Sparrow v.*

*United Air Lines, Inc.*, 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (quotation marks omitted)).

When venue is improper, a court may dismiss the case under Rule 12(b)(3) or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Dismissal of a pro se plaintiff's case is disfavored. *See James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (noting that "[c]ourts generally favor transfer over dismissal" and that "[t]his is especially true" for pro se plaintiffs). And the decision whether to dismiss or transfer is committed to the "sound discretion of the district court." *Davis v. Am. Soc'y of Civ. Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003) (citation omitted).

## DISCUSSION

The FDA argues that Mr. Jones' claims should be dismissed under Rule 12(b)(1), 12(b)(3), and 12(b)(6). The Court agrees that this District is an improper venue for Mr. Jones' lawsuit and finds that transfer to the District of Maryland is appropriate.[1]

### A.    Improper Venue

While Mr. Jones does not identify the specific statute he is relying on, the Court construes his claim as one under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., which provides a statutory cause of action where a plaintiff "seeks monetary damages against a federal defendant for common law torts." *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011). The "[p]roper venue for an FTCA claim is 'the judicial district where the plaintiff resides or wherein

---

[1] Because transfer is appropriate, the Court declines to address the Defendant's arguments for dismissal under Rules 12(b)(1) or 12(b)(6). *See Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009) (a district court may resolve a "venue issue before addressing whether subject matter jurisdiction exists") (collecting cases); *see also Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 301 (D.D.C. 2017) (when transfer is appropriate, the court need not "reach the merits" of other arguments for dismissal).

the act or omission complained of occurred.'" *Id.* at 192 (quoting 28 U.S.C. § 1402(b)). *See also Sanchez ex rel. Rivera-Sanchez v. United States*, 600 F. Supp. 2d 19, 21 (D.D.C. 2009) (the judicial district where an act occurs is where "sufficient activities giving rise to the plaintiff's cause of action took place") (cleaned up). And courts in this circuit are careful "to guard against the danger" of a plaintiff manufacturing venue in the District of Columbia by bringing suits against government officials "that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Here, Mr. Jones alleges that he resides in Maryland, that his car was damaged in Maryland, and that the parking garage in question is in Maryland. Compl. Ex. 1 at 27. Accordingly, venue is not proper in this District, as it is not "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *See* 28 U.S.C. § 1402(b).

Mr. Jones argues that venue is proper under the FTCA in "the judicial district where the *defendant* resides." Opp'n at 1 (emphasis added). Not so. Venue lies in "the judicial district where the *plaintiff* resides." 28 U.S.C. § 1402(b) (emphasis added). The two cases Mr. Jones cites do not alter this conclusion. Opp'n at 2. *Poku v. Federal Deposit Insurance Corporation* involved a claim brought under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, and so it did not involve application of the FTCA's venue provision. 752 F. Supp. 2d 23, 28 (D.D.C. 2010). And in *Sanchez-Mercedes v. Bureau of Prisons*, the court found—as the Court finds here—that the District of Columbia was an improper venue for an FTCA claim brought by a nonresident pro se plaintiff alleging tortious conduct that occurred outside the District. 453 F. Supp. 3d 404, 417 (D.D.C. 2020).

**B.     Transfer**

"Where venue is improper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Dastmalchian v. Dep't of Just.*, 71 F. Supp. 3d 173, 177 (D.D.C. 2014) (quoting 28 U.S.C. § 1406(a)). Generally, "[t]ransfer is the preferred option." *Id.* This is especially true where pro se litigants are involved. *See James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) ("Courts generally favor transfer over dismissal . . . especially . . . when the plaintiff [is] pro se.").

Here, the Court declines to dismiss and finds it is in the interest of justice to instead transfer this case to the United States District Court for the District of Maryland. Maryland is where Mr. Jones resides and where his accident in the FDA parking lot occurred. Compl. Ex. 1 at 27. Litigating this case in the District of Maryland is thus likely to be more convenient for the parties and witnesses. *See* 28 U.S.C. § 1404(a). And transfer would not prejudice the Defendant. *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983).

## CONCLUSION

For the foregoing reasons, the Court transfers this case to the United States District Court for the District of Maryland. A separate order will issue.

                                            _____
                                            SPARKLE L. SOOKNANAN
                                            United States District Judge

Date:    September 23, 2025